IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFF P. CLARKE, et al.,<br><br>    Defendants. | No. C 15-02400 JSW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING ACTION** |

On May 29, 2015, Defendant Jeff P. CLark, proceeding *pro se*, filed a notice of removal and an application to proceed *in forma pauperis*. Without consent, on June 5, 2015, this matter was reassigned to the undersigned from Magistrate Judge Maria-Elena James with a Report and Recommendation to remand this action. Defendant, as the party seeking removal, bears the burden of demonstrating subject matter jurisdiction. Defendant was given an opportunity to demonstrate the existence of subject matter jurisdiction, but has failed to do so. For the reasons set forth in the remainder of this Order, the Court HEREBY REMANDS this action to the Sonoma County Superior Court.

On April 7, 2015, Plaintiff filed a complaint for unlawful detainer in Sonoma County Superior Court against Defendant (the "State Court action"). (*See* Notice of Removal.) Defendant removed the State Court action on the basis that jurisdiction is premised upon a federal question. (*See* Notice of Removal.) "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending."

1  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see
2  also* 28 U.S.C. § 1441.

3     However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian
4  Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal
5  jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is
6  strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th
7  Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction
8  must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d
9  at 566.

10    "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded
11 complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded
12 complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid
13 federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint
14 rule, federal-question jurisdiction arises where the "complaint establishes either that federal law
15 creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a
16 substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. 1, 27-28 (1983).

17    The State Court action is an unlawful detainer action which is purely a creature of California
18 law. Thus, federal law does not create the cause of action. *Wells Fargo Bank v. Lapeen*, 2011 WL
19 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2
20 (C.D. Cal. Nov. 22, 2010). Moreover, the Court concludes that the claim will not necessarily
21 depend upon the resolution of a substantial question of federal law, because Plaintiff need not prove
22 compliance with the federal law relied upon by Defendant to establish its claim. *See, e.g., Grable &
23 Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

24    Furthermore, a court cannot exercise removal jurisdiction on the ground that the complaint
25 gives rise to a potential or an anticipated *defense* that might raise a federal question, even if the
26 defense is the only question truly at issue in the case. *Franchise Tax Board*, 463 U.S. at 10, 14; *see
27 also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal
28 court on the basis of a federal defense, including the defense of pre-emption, even if the defense is

2

anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original). Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter and must remand to the state court. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

Accordingly, the Court ADOPTS the Report and Recommendation and REMANDS this case to Superior Court of the State of California for the County of Sonoma. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: July 16, 2015



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE